UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8066 CAS (AJWx) | Date | May 5, 2009 |
|---|---|---|---|
| Title | DIERRO MUNIZ v. AMEC CONSTRUCTION MANAGEMENT, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): Plaintiff's Motion for New Trial or to Amend the Judgment** (filed April 13, 2009)

## I.   INTRODUCTION

This matter was tried to the Court on December 16, 2008. On January 5, 2009, the Court ordered plaintiff Dierro Muniz ("Muniz") to submit to a functional capacity evaluation ("FCE") in order to provide the Court with a more complete record upon which to evaluate his capacity to work. The report of that FCE was lodged with the Court on March 26, 2009 (the "2009 FCE"). On March 30, 2009, after a careful and thorough review of the entire administrative record and the 2009 FCE, the Court concluded Muniz had failed to establish he was "totally disabled" as of September 9, 2006, as defined by his disability insurance policy, and issued judgment in favor of the defendant. See Dkt. No. 51 (the "March 30, 2009 Findings"). Muniz now moves for a new trial or to amend the judgment under Fed. R. Civ. P. 59 on the basis that the court-ordered FCE is not definitive proof of whether Muniz is or was disabled.[1]   Defendant

---

[1]   Muniz argues he was never given the opportunity to opine on the "report of the efficacy of FCEs in general." The Court asked both parties' counsel about the appropriateness of a court-ordered FCE at trial, and plaintiff's counsel indicated such an order would be appropriate. Plaintiff's counsel then made arguments to the Court about the usefulness of an FCE as part of the parties' Joint Request for Clarification dated January 20, 2009. On March 5, 2009, the parties then requested that the Court include language commenting on the FCE's reliability in its order appointing an independent expert pursuant to Fed. R. Evid. 706. See also March 30, 2009 Findings at 12 ("Both parties have argued against reliance on a 2009 FCE, though."). Muniz had more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8066 CAS (AJWx) | Date | May 5, 2009 |
|---|---|---|---|
| Title | DIERRO MUNIZ v. AMEC CONSTRUCTION MANAGEMENT, INC., et al. | | |

Amec Construction Management, Inc., filed an opposition on April 27, 2009. The Court finds this motion appropriate for decision without oral argument. L.R. 7-16.

## II.   LEGAL STANDARD

Under Rule 59(a)(2), a court may grant a new trial or amend its judgment after a court-tried action for three reasons: "(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708 (9th Cir. 1978); Price v. Household Int'l Group Ins. Plan, No. SACV04-121DOC, 2008 WL 4554161, at *2 (C.D. Cal. Oct. 7, 2008).

## III.   DISCUSSION

As the Court noted in its Findings of Fact and Conclusions of Law, Muniz bears the burden of proof to establish that he was totally disabled. March 30, 2009 Findings at 8-10, citing Farley v. Benefit Trust Life Ins.Co., 979 F.2d 653, 658 (8th Cir. 1992); Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038 (11th Cir. 1998); Clifford v. Prudential Ins. Co. of Amer., No. 07-CV-126-ST, 2008 WL 4164750, at *9 (D. Or. Aug. 27, 2008); Gardner v. Bear Creek Corp., No. C 06-02822 MHP, 2007 WL 2318969 (N.D. Cal. Aug. 6, 2007); Fulayter v. Prudential Ins. Co. of Amer., No. CV06-1435-PCT-NVW, 2007 WL 433580, at *8 (D. Ariz. Feb. 6, 2007); Gatti v. Reliance Standard Life Ins. Co., No. CV01175-TUC-FRZ. 2006 WL 664422, at *6 (D. Ariz. Mar. 13, 2006). Muniz failed to meet this burden, despite being given adequate opportunities to produce evidence since March 2006.

Throughout 2006, the insurance plan administrator, Connecticut General Life Insurance Company ("CGLIC"), made numerous attempts to contact Muniz to schedule an FCE. Muniz failed to respond to these requests. When Muniz finally did get in touch with CGLIC regarding an FCE, it was his own physician who refused to allow him to be

---

sufficient opportunity to make arguments about FCEs in general and their relationship to his condition in the three months between trial and the lodging of the expert's report. Since Muniz does not argue that the report of the 2009 FCE provides evidence of disability, any other argument as to the efficacy of the FCE is irrelevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8066 CAS (AJWx) | Date | May 5, 2009 |
|---|---|---|---|
| Title | DIERRO MUNIZ v. AMEC CONSTRUCTION MANAGEMENT, INC., et al. | | |

evaluated. Dr. Towner based his refusal on a conclusory statement that Muniz was medically "unable to participate in any functional evaluation," due to his wasting[2] and fatigue. In light of this history, the lack of evidence as to the extent of Muniz' disability, and the fact that both parties argued at one point or another that such an evaluation was needed to produce a complete record, the Court appointed a Rule 706 expert to conduct a FCE to enable, if appropriate, Muniz to make the requisite showing of disability.

Muniz incorrectly states "the court entered judgment for the defendant based in large part on the outcome of the Functional Capacity Evaluation performed in March 2009." The Court's ruling was on the lack of evidence of disability in the Administrative Record *and* the FCE. See March 30, 2009 Findings at 10-11 (discussing medical records and variety of medical treatises), 12-13 (noting that the FCE was not dispositive, but was probative, and discussing strengths and weaknesses). In support of his motion for a new trial or to amend the judgment, Muniz makes no argument that there was any evidence before the Court to establish that he was disabled as of September 2006.[3] Accordingly, the motion for a new trial or to amend the judgment is DENIED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[2] As noted in the Court's March 30, 2009 findings, Muniz' medical records do not support the contention that he was experiencing wasting, since he was actually gaining weight at the time. March 30, 2009 Findings at 4, n.1.

[3] Muniz has submitted a declaration in conjunction with this motion which (1) criticizes the evaluator for improperly recording his weight, and (2) states that he was sore and fatigued after the four-hour FCE, which was not included in the report. Even if true, neither of these facts are sufficient to establish that Muniz is "totally disabled" or was "totally disabled" as of September 2006.